IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                                 ) | |
|          Plaintiff,             ) | |
|                                 ) | |
| v.                              ) | |
|                                 ) Case No. 13-20065-01 (Criminal) |
|                                 )            15-9197 (Civil) |
| CHARLES HENDERSON, JR.,         ) | |
|                                 ) | |
|          Defendant.             ) | |
|                                 ) | |

**MEMORANDUM AND ORDER**

This case is before the court on defendant Charles Henderson Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 99). Defendant alleges that his original defense counsel, Mr. Spies, failed to investigate the government's evidence and was ineffective at defendant's plea hearing. The government responds that defendant cannot prove his ineffective assistance of counsel claims, and the court should deny defendant's motion (Doc. 112). For the reasons set forth below, the court denies defendant's § 2255 motion.

**I.     Factual Background**

Defendant pleaded guilty, without a written plea agreement, to: (1) conspiring, between June 1, 2009 and May 6, 2013, to distribute and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846; (2) two counts of distribution of heroin within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a); (3) possession with intent to distribute heroin within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a); and (4) possession of a firearm by an unlawful user of a controlled

substance, in violation of 18 U.S.C. § 922(g)(3). Mr. Spies reserved the right to challenge the drug quantity and other applications of the sentencing guidelines at sentencing.

After the Presentence Investigation Report ("PSR") was prepared, but prior to sentencing, Mr. Spies filed a motion to withdraw as counsel. The court granted his request and appointed new counsel for defendant.

Defendant subsequently filed a motion to withdraw his guilty plea claiming actual innocence on two counts and ineffective assistance of counsel against Mr. Spies. Following a hearing, the court denied defendant's motion. Specifically, the court found that defendant's guilty plea was voluntarily and knowingly made, and defendant failed to show that Mr. Spies was ineffective.

At sentencing, the court found that defendant's total offense level of 34 and criminal history category of I gave him a guideline range of 151 to 188 months. However, the court granted a variance based on the parties' sentencing agreement and imposed a 129-month sentence. No direct appeal was filed, and defendant timely filed his § 2255 motion on August 5, 2015.

## II.   Legal Standards

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the district court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by law. If the court finds that defendant is being held in violation of federal law, the court "shall vacate and set the judgment aside and shall discharge the [defendant] or resentence him or grant a new trial or correct the sentence . . . ." 28 U.S.C. § 2255(b).

The Sixth Amendment provides defendants a right to effective assistance of counsel, and this right "extends to the plea-bargaining process." *United States v. Watson*, 766 F.3d 1219, 1225 (10th Cir. 2014) (quoting *Lafler v. Cooper*, 566 U.S. 156, 162 (2012)). The court applies the standard

-2-

identified in *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland* ).

Under *Strickland*, a defendant bears the burden of satisfying a two-pronged test. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Id.* at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Second, a defendant must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Lafler*, 566 U.S. at 163. Specifically, a defendant must show "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 163–64.

There is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the lack of prejudice ground, then that course should be followed. *Strickland*, 466 U.S. at 697.

**III.     Discussion**

-3-

Defendant claims that Mr. Spies provided ineffective assistance of counsel at the August 23, 2013, plea hearing by (1) failing to obtain a binding Rule 11(c)(1)(C) plea agreement for defendant; (2) failing to challenge the government's evidence presented in the factual basis at the hearing—including the drug quantity defendant was willing to accept responsibility for; (3) "fail[ing] to perfect the legal filing" in his case "that ultimately lead to counsel influence to enter into a plea og [sic] guilty . . . without the due process of law" (Doc. 100, at 11); and (4) failing to adequately investigate the case before advising defendant to enter a guilty plea.

The court finds that defendant fails to show ineffective assistance of counsel for several reasons.  First, defendant presents no evidence suggesting that he would have received a lesser sentence had he actually had a plea agreement or proceeded to trial.  Based on the circumstances surrounding defendant's case as well as the government's evidence, the court finds that a less severe sentence is unlikely.

In fact, defendant rejected the government's initial proposal for a plea offer projecting a 210-month sentence—defendant instead received a 129-month sentence.  The government did not offer defendant a Rule 11(c)(1)(C) or other form of plea agreement for 120 months, but rejected this offer from defendant.  To establish prejudice under *Strickland*, defendant must begin by proving that a favorable plea agreement was formally offered by the government.  *See United States v. Nguyen*, 619 F. App'x 136, 141 (3d Cir. 2015) (petitioner's claim that he rejected a favorable plea offer based on counsel's deficient performance necessarily fails if a plea agreement was never formally offered by the government); *United States v. Barajas*, No. 10-20077-02-JWL, 2016 WL 427734, at *1 (D. Kan. Feb. 4, 2016) (denying defendant's original claim after evidence at a hearing showed that the government did not extend a formal plea offer).

At defendant's plea hearing, defense counsel reserved the right to challenge relevant conduct at sentencing—specifically, the drug quantity, facts contained in paragraphs 6 through 9 and 12 of the factual basis, and other applications of the sentencing guidelines. Defendant stated that he understood that he could argue the drug quantity he should be held responsible for at sentencing, and that the court would ultimately make a determination on the amount at sentencing. Defendant reaffirmed that he wanted to plead guilty to the charges even after knowing this information.

Regardless of whether Mr. Spies could, or should, have challenged relevant conduct at the plea hearing—although Fed. R. Crim. P. 32(f)(1) provides that the parties must state in writing any objections to the PSR with 14 days upon receipt —defendant reviewed the PSR and objected to the drug quantity attributed to him. Defendant also objected to the calculated offense level and argued that he was eligible for the safety-valve under 18 U.S.C. § 3553(f)(1)–(5) and U.S.S.G. § 5C1.2. While the probation officer did not believe that defendant was eligible for the safety-valve adjustment because there was sufficient evidence that defendant possessed a firearm in connection with the offense, defendant's challenges were preserved.

The parties, however, prepared a sentencing agreement recommending a 129-month sentence. The court reviewed the sentencing agreement with defendant, and defendant acknowledged that he had personally read it as well as reviewed it with defense counsel. Defendant agreed that defense counsel had provided him with the possible scenarios in which his sentence could be determined based on the parties' objections to the PSR. Nevertheless, defendant asked the court to accept the sentencing agreement. By this point, Mr. Spies was no longer representing defendant, and defendant voluntarily and knowingly chose to forego his objections to the PSR and enter into the sentencing agreement. Even assuming Mr. Spies was deficient in some manner, defendant cannot show he was ultimately prejudiced in the outcome of his sentence.

To the extent that defendant is restating his prior claims made in his motion to withdraw his guilty plea, (that he is not guilty of conspiring to distribute one kilogram or more of heroin and ineffective assistance of counsel caused his guilty plea to be involuntary) the court previously denied these claims.  The court determined that Mr. Spies adequately advised defendant of the charges—including the significance regarding drug quantity—and potential sentencing consequences.  Thus, defendant's claim that Mr. Spies failed to adequately investigate defendant's case prior to advising him to plead guilty is not supported by the record or the court's prior factual findings.  The court also found defendant's claim that he was unaware that he could have appointed counsel if he could not afford Mr. Spies to represent him at trial to be without merit.  Defendant does not cite any new controlling law or evidence, and the court finds no need to correct any error or prevent manifest injustice.  *See generally Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.) (a proper motion to reconsider does not simply state facts or make arguments previously available).  And the time to seek reconsideration of these rulings and/or a direct appeal has expired.  *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Randall*, 666 F.3d 1238, 1240–42 (10th Cir. 2011) (a criminal defendant must file a motion for reconsideration or notice of appeal within fourteen days of the judgment or order being appealed).

Because the court finds that defendant is not entitled to relief, his request for an evidentiary hearing is denied.  An evidentiary hearing is generally not required when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  Defendant has not demonstrated that a hearing is necessary to resolve his motion.  The raised issues were either previously addressed with a hearing or the existing record is sufficient to resolve them.

The court is mindful of defendant's pro se status and liberally construes his motion.  *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally").  Even with this liberal review, however, defendant has

not shown that reasonable jurists could debate whether his 28 U.S.C. § 2255 motion should be resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, the court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant Charles Henderson Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 99) is denied.

**IT IS FURTHER ORDERED** that defendant's request for an evidentiary hearing is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

Dated this 4th day of April, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**